# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LARRY HEIDELBERG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CIV-06-041-SPS** |
| | ) | |
| **LIFE INSURANCE COMPANY OF** | ) | |
| **NORTH AMERICA** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

This is an action for benefits under the Employee Retirement & Income Security Act of 1974, 29 U.S.C. § 1001 - § 1461 ("ERISA"). *See* 29 U.S.C. § 1132(a)(1)(B). The Plaintiff, a beneficiary under a long-term disability insurance policy issued by the Defendant to the Plaintiff's employer, seeks wide-ranging discovery on a variety of issues he claims are pertinent to his action. In response, the Defendant seeks a protective order prohibiting all discovery. *See* Defendant Life Insurance Company of North American's Motion for Protective Order and Brief in Support [Docket No. 27]. For the reasons set forth herein, the Court finds that discovery is inappropriate and that a protective order should therefore be granted.

In support of its request for a protective order, the Defendant argues that discovery is inappropriate because the Court must review the denial of benefits in this case under the "arbitrary and capricious" standard and may therefore not consider any evidence outside the

administrative record created by the Defendant in reaching its decision. The Plaintiff responds that the appropriate standard of review is *de novo* review and that the Court may therefore consider evidence outside the administrative record. The Defendant counters that even *de novo* review must be confined to the administrative record and that discovery would therefore remain inappropriate.

The Court finds that the proper standard of review *is* arbitrary and capricious. This is so because the policy issued to the Plaintiff's employer explicitly gives the Defendant the discretion "to interpret the terms of the Plan documents, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact." *See, e. g., Hall v. UNUM Life Insurance Company of America,* 300 F.3d 1197, 1200-01 (10th Cir. 2002) ("'[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" If discretionary authority exists, then the proper standard of review is abuse of discretion.") [internal citations omitted], *quoting Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989). *See also Woolsey v. Marion Laboratories, Inc.,* 934 F.2d 1452, 1456-57 (10th Cir. 1991) ("The decisions of the administrators of a pension plan will be upheld unless they are arbitrary and capricious, not supported by substantial evidence or erroneous on a question of law.").

Since the arbitrary and capricious standard *does* apply, the Court's review in this case is confined to the administrative record compiled by the Defendant in reaching its decision

to deny benefits. *Sandoval v. Aetna Life & Casualty Insurance Co.,* 967 F.2d 377, 380-81

(10th Cir.1992) ("In determining whether the plan administrator's decision was arbitrary and

capricious, the district court generally may consider only the arguments and evidence before

the administrator at the time it made that decision."); *Woolsey,* 934 F.2d at 1459 ("In

determining whether the decision was supported by substantial evidence, we consider only

the facts before the Administrators at the time of their decision.").[1] *See also Chambers v.*

*Family Health Plan Corp.,* 100 F.3d 818, 823-34 (10th Cir. 1996) ("Most circuits have held

that in reviewing decisions of plan administrators under the arbitrary and capricious standard,

---

[1]    Some courts have allowed the administrative record to be supplemented even in a
case where the standard of review is arbitrary and capricious in order to address questions such as,
for example, procedural fairness or conflict of interest. *See, e. g., Liston v. UNUM Corp. Officer*
*Severance Plan,* 330 F.3d 19, 24 (1st Cir. 2003) ("[W]e have declined in cases like this one to adopt
an ironclad rule against new evidence. For example, discovery may be needed because the decisional
process is too informal to provide a record. And certain kinds of claims-*e.g.*, proof of
corruption-may in their nature or timing take a reviewing court to materials outside the
administrative record.") [internal citations omitted].   There is such a question in this case; the
Defendant is both payor and administrator and therefore has an inherent conflict of interest. *See,*
*e. g., Pitman v. Blue Cross & Blue Shield of Oklahoma,* 217 F.3d 1291 (10th Cir. 2000) ("[W]hen
an insurance company serves as ERISA fiduciary to a plan composed solely of a policy or contract
issued by that company, it is exercising discretion over a situation for which it incurs direct,
immediate expense as a result of benefit determinations favorable to plan participants."), *quoting*
*Brown v. Blue Cross & Blue Shield of Alabama, Inc.,* 898 F.2d 1556, 1561 (11th Cir. 1990) ("We
conclude . . . 'strong conflict of interest [exists] when the fiduciary making a discretionary decision
is also the insurance company responsible for paying the claims[.]"), *quoting Jader v. Principal*
*Mutual Life Insurance Co.,* 723 F. Supp. 1338, 1343 (D. Minn.1989).   However, inasmuch as the
Tenth Circuit has determined that the administrative record should ordinarily *not* be supplemented
even where *de novo* review is appropriate, *see Hall,* 300 F.3d at 1201-03, it seems unlikely that the
Tenth Circuit would countenance supplementation in a case such as this where the standard is
arbitrary and capricious. *Accord, Spangler v. UNUM Life Insurance Company of America,* 38 F.
Supp. 2d 952, 955-57 (N.D. Okla. 1999) ("The Court concludes, based on the issues and facts
presented by Plaintiffs, that discovery on the potential conflict of issue is not necessary."). *See also*
*Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan,* 195 F.3d 975, 982 (7th Cir.
1999) ("We have allowed parties to take discovery and present new evidence in ERISA cases subject
to *de novo* judicial decisions, but never where the question is whether a decision is supported by
substantial evidence, or is arbitrary and capricious'").

the reviewing court may consider only the evidence that the administrators themselves considered."). Discovery outside the administrative record is therefore not needed. *See Spangler v. UNUM Life Insurance Company of America,* 38 F. Supp. 2d 952, 954 (N.D. Okla. 1999) ("Pursuant to Tenth Circuit law, Plaintiff is limited in discovery to obtaining only the information which was available and presented to the plan administrator at the time of the administrator's decision.") Further, the Defendant will be required to file the administrative record prior to briefing the merits of its decision, so no discovery *of any kind* is needed. The Defendant's Motion for Protective Order should therefore be granted.

Accordingly, IT IS HEREBY ORDERED that the Defendant Life Insurance Company of North American's Motion for Protective Order and Brief in Support [Docket No. 27] is GRANTED and that neither party may take discovery herein.

**IT IS SO ORDERED** this __9th__ day of June, 2006.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**